[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ella A. Matava, age 32 whose maiden name was Ella M. Nelson and the defendant, Robert A. Matava, age 40, were married on April 25, 1987 in Torrington, Connecticut. There is one minor child issue of the marriage, David Matava, age 9, born November 13, 1987. The plaintiff has another son, Thomas L'Hereax, age 11. This is the second marriage for each party.
From the evidence, it is clear that the marriage has broken down irretrievably. The defendant did not accept the plaintiff's son by her first marriage telling him "to get out of the house." There was also evidence that on at least one occasion, the defendant slapped his son David requiring him to stay out of school. At the present time, the defendant has a friendly relationship with Kathy Galullo. The plaintiff left the home on September 17, 1995 after being told by Ms. Galullo, "if you don't want him, I'll take him." After the separation the plaintiff formed a relationship with Gregory Meach and is now living with him.
One of the major problems in the marriage is financial. The jointly owned family home, located on Tiffany Road, Winsted, Connecticut, is presently in foreclosure. While the value is in dispute, it would appear that there is little if any equity in the property. The plaintiff claims the equity to be $30,000 while the defendant claims the equity to be $5,000. The plaintiff is agreeable to relinquishing her equity in the property. The plaintiff earns $300.00 per week with a net of $260.75 as a secretary and receives $80.00 a week support for her son Thomas. The defendant earns $525.00 per week with a net of $395.18 as a construction supervisor as well as an additional $55.00 for subcontractor work. The plaintiff has debts of $13,225.00 and the CT Page 5433-PPP defendant $10,394.79.
The son, David, has a congenital heart disease which is life threatening. He requires specialized medical treatment in Maryland periodically. He resided with his mother after the separation until October 1995 when the defendant forcibly removed the child from his mother's residence. She seeks joint custody but does not object to physical custody in the defendant. Support guidelines call for a weekly payment of $65.00 per week. The parties are agreeable to the family relations recommendation regarding visitation.
There is presently pending a suit by Chrysler Financial Corporation against the parties for a default on a lease for a jeep automobile. The vehicle was leased by the defendant and co-signed by the plaintiff. This obligation rightfully rests with the defendant as he had the vehicle and the plaintiff was forced to acquire her own car.
Based upon the evidence and taking into account the provisions of General Statute Sec. 46b-81 the court finds that the following orders should enter:
1. A decree of dissolution on the grounds of irretrievable breakdown.
2. A. Joint custody of the minor child David with physical custody to the defendant. The plaintiff shall have reasonable visitation with the child on every Friday from 6:00 p.m. to Saturday at 5:00 p.m. In addition she shall have visitation one night mid-week from 6:00 p.m. to 8:00 p.m. based upon the child's schedule. During visitation each party is ordered to refrain from making any negative comments about the other in the presence of the child.
B. Each parent shall have two weeks exclusive summer vacation time with the child. The specific weeks should be confirmed no later than May 15 of each year. Mother and father should also share David's school winter and spring vacation periods.
C. The major holidays shall be alternated on a yearly basis using the following schedule: The specific times should be determined by the parents based on the needs of the child.
1. Memorial Day; Easter; Thanksgiving; CT Page 5433-QQQ
 2. New Year's Day; Labor Day; July Fourth. For 1997: mother schedule 1. above; father schedule 2 above. For 1998: father schedule 1. above; mother schedule 2 above.
The Christmas holiday shall be split in order for both parents to spend time with the child.
 1996: Father: Christmas Eve 10:00 a.m. to Christmas Day 12:00 p.m.
 Mother: Christmas Day 12:00 p.m. overnight to December 26 at 3:00 p.m.
 1997: Mother: Christmas Eve 10:00 a.m. to Christmas Day 12:00 p.m.
 Father: Christmas Day 12:00 p.m. to the resumption of the regular parenting schedule.
Mother's Day and Father's Day shall be spent with the appropriate parent.
D. The parents shall make the necessary plans for both to participate in David's medical care including the week long visit to Maryland. Mother and Father should provide at least one month's notice of the particular time period so that David can benefit from the support of mother and father.
3. The plaintiff's undivided one-half interest in the real estate located at Tiffany Road, Winsted, Connecticut shall become the sole property of the defendant pursuant to General Statute46b-81. The defendant shall be solely responsible for the mortgage, taxes, insurance and hold the plaintiff harmless for these payments and any deficiency in the event of foreclosure.
4. The defendant shall be solely responsible for the debt to Chrysler Financial Corporation, #CV 96-0071505 and hold the plaintiff harmless thereon.
5. Each party shall be solely responsible for the debts on their respective affidavits and hold the other harmless thereon. One dollar a year alimony is awarded to the plaintiff and to the defendant to carry out the provisions and the obligations under paragraph 3 and 4 above. CT Page 5433-RRR
6. The defendant shall carry medical insurance on the child David until he reaches the age of majority.
7. If in his possession, the defendant shall deliver to the plaintiff a ring and silver platter.
8. The plaintiff may take a change of name to Ella Marie Box. Judgment may enter accordingly.
PICKETT, J.